## IN THE UNITED STATES DISTRICT COURT
## FOR THE NORTHERN DISTRICT OF FLORIDA

| | |
|---|---|
| FLORIDA DEMOCRATIC PARTY, | |
| Plaintiff, | CASE NO. _____ |
| v. | |
| KEN DETZNER, in his official capacity as Secretary of State of the State of Florida, | |
| Defendant. | |

## COMPLAINT FOR EMERGENCY INJUNCTIVE
## AND DECLARATORY RELIEF

Plaintiff, the FLORIDA DEMOCRATIC PARTY, by and through the undersigned attorneys, files this COMPLAINT FOR EMERGENCY INJUNCTIVE AND DECLARATORY RELIEF against Defendant KEN DETZNER, in his official capacity as Secretary of State of the State of Florida, ("the Secretary"), and alleges upon information and belief as follows:

### NATURE OF THE CASE

1.      "No right is more precious in a free country than that of having a voice in the election of those who make the laws under which, as good citizens, we must

live.   Other rights, even the most basic, are illusory if the right to vote is undermined." *Wesberry v. Sanders*, 376 U.S. 1, 17 (1964).

2.     Under state law, the voter registration deadline for Florida voters is Tuesday, October 9, 2018. Eligible United States citizens who fail to register by October 9 will be unable to register thereafter in time to cast a ballot in the upcoming 2018 general election scheduled to occur on November 6, 2018.

3.     Florida voters, however, face a daunting and, indeed, life- threatening obstacle to registering to vote in the form of Hurricane Michael, a massive and dangerous weather event that has threatened Florida with substantial damage and disruption.

4.     On Monday, October 8, Governor Rick Scott ordered Florida citizens to evacuate the areas in Hurricane Michael's path, warning that the storm "is forecast to be the most destructive storm to hit the Florida Panhandle in decades" and could bring "total devastation" to parts of the state. Drew MacFarlane, *Gov. Scott: Michael Could Bring 'Total Devastation' to Parts of Fl; Mandatory Evacuations Ordered Along Panhandle*, The Weather Channel (Oct. 8, 2018), https://weather.com/storms/hurricane/news/2018-10-07-florida-hurricane-emergency.  Gov. Scott "urged residents living along the Northern Gulf Coast to prepare for what could potentially be a 'life-threatening and extremely dangerous major hurricane.'" *Id.*

-2-

5.     Although the Secretary has proposed a single-day registration extension in some counties to accommodate a subset of voters affected by Hurricane Michael, his "solution" is insufficient and confusing. It does not adequately protect the voting rights of Florida citizens who cannot register to vote by the October 9 registration deadline

## JURISDICTION AND VENUE

6.     Plaintiff brings this action under 42 U.S.C. §§ 1983 and 1988 to redress the deprivation under color of state law of rights secured by the United States Constitution.

7.     This Court has original jurisdiction over the subject matter of this action pursuant to 28 U.S.C. §§ 1331 and 1343 because the matters in controversy arise under the Constitution and laws of the United States, because Plaintiff brings this action to redress the deprivation, under color of State law, of rights, privileges, and immunities secured by the Constitution of the United States and federal law, and because Plaintiff brings this action to secure equitable relief under federal law providing for the protection of voting rights.

8.     This Court has personal jurisdiction over the Secretary, who is sued in his official capacity only.

9.     Venue is proper in this Court under 28 U.S.C. § 1391(b) because a substantial part of the events that gave rise to Plaintiff's claims occurred in this judicial district.

10.     This Court has the authority to enter a declaratory judgment and to provide preliminary and permanent injunctive relief pursuant to Rules 57 and 65 of the Federal Rules of Civil Procedure and 28 U.S.C. §§ 2201 and 2202.

## PARTIES

11.     Plaintiff FLORIDA DEMOCRATIC PARTY (the "Party") is a political party recognized by Florida law. *See* Fla. Stat. § 103.091. The Party is the statewide organization representing Democratic candidates and voters throughout the State of Florida within the meaning of Florida Statute § 103.121 and all other applicable provisions of the election laws. The Party's purpose is to elect Democratic Party candidates to public office throughout Florida. To accomplish its purpose, the Party engages in vitally important activities, including supporting Democratic Party candidates in national, state, and local elections through fundraising and organizing efforts; protecting the legal rights of voters; and ensuring that all voters have a meaningful ability to cast ballots in Florida. The Party has millions of members and constituents across Florida and in storm-affected areas, including millions of Floridians who are registered with the Florida Department of State's Division of

Elections as Democrats, and many other Floridians who regularly support and vote for candidates affiliated with the Democratic Party.

12.     The Secretary's failure to adequately extend the voter registration deadline directly harms the Party, its members, and constituents. It is likely that citizens who would otherwise register as Democrats prior to the registration deadline—or who have already registered as Democrats with a third-party voter registration agency that is being prevented, by Hurricane Michael, from turning in that voter's registration paperwork—will not be able to do so, thereby decreasing the overall likelihood that the Party will be successful in its efforts to help elect Democratic candidates to public office.

13.     Defendant KEN DETZNER is sued in his official capacity as Secretary of State of the State of Florida. The Secretary is a person within the meaning of 42 U.S.C. § 1983 and acts under color of state law. Pursuant to Florida Statute § 97.012, the Secretary is the chief elections officer of the State and is responsible for the administration of state laws affecting voting, including those pertaining to voter registration.  The Secretary's duties consist, among other things, of "[o]btain[ing] and maintain[ing] uniformity in the interpretation and implementation of the election laws." *Id.* at § 97.012(1).

## STATEMENT OF FACTS AND LAW

14.     Florida's Online Voter Registration ("OVR") system allows eligible Florida residents to register to vote or update an existing registration record online. Fla. Stat. 97.0525. To use the OVR system, however, residents must have a Florida driver's license or state identification card, and must provide the last four digits of their social security number. Those who do not have a Florida driver's license, state identification card, or social security number may still use the OVR website to complete a voter registration application, but must print, sign, and deliver it by mail or in-person to their county Supervisor of Elections office. Florida Department of State, Division of Elections, RegistertoVoteFlorida.gov, *Frequently Asked Questions*, https://dos.myflorida.com/media/698341/ovr-faq-english.pdf.  Further, Florida residents who are participants in the Florida Attorney General's Address Confidentiality Program, which protect, *inter alia*, victims of domestic violence, sexual harassment, and stalking, are instructed not to use the OVR, but to instead contact their county Supervisor of Elections to register to vote. *See* https://registertovoteflorida.gov/en/Registration/Index.

15.     Floridians also have the option to complete a paper Florida Voter Registration Application and deliver it, either in person or by mail, to the office of the County Supervisor of Elections, the Florida Division of Elections, or a third-party voter registration agency. *Id.*

16.     Tuesday, October 9 is the voter registration deadline for the upcoming general election on November 6, 2018. *See* Fla. Stat. §§ 97.053, 97.055, 97.0555. *See also* Fla. Dep't of St., Div. of Elections, Election Dates for 2018 Primary and General Elections, *available at* https://dos.myflorida.com/elections/for-voters/election-dates/.

17.     Hurricane Michael is strengthening as it barrels toward Florida. Jason Samenow and Brian McNoldy, *Hurricane warnings issued as Michael strengthens and aims for Wednesday landfall in north Florida as a Category 3*, The Washington Post (Oct. 8, 2018), https://www.washingtonpost.com/weather/2018/10/08/michael-strengthens-hurricane-is-forecast-make-landfall-florida-dangerous-category-midweek/?noredirect=on&utm_term=.091cfc202e9b. The storm is expected to become a Category 3 hurricane by the time it reaches Florida, and will likely be the area's strongest hurricane in at least 13 years. *Id.* The storm surge "could reach at least 8 to 12 feet in the hardest hit areas, inundating roads, homes, and businesses." *Id.* Floridians under evacuation orders have only Tuesday—the very day of the registration deadline—to evacuate and/or complete life-saving preparations. *Id.*

18.     The Secretary's failure to adequately extend the registration deadline will prevent thousands of Florida residents in the areas affected by Hurricane Michael from registering and voting in the upcoming general election. In the nine days in October prior to the voter registration deadline preceding the 2012 election,

for example, roughly *181,000* Floridians registered to vote. *See* Fla. Dep't of St., Div. of Elections, Voter Registration Monthly Report October 2012, *available at* http://dos.myflorida.com/elections/data-statistics/voter-registration-statistics/ voter-registration-monthly-reports/ (Archived Monthly Reports, 2012, October, MonthlyReport2.pdf).

19.    In 2016, Hurricane Matthew made landfall just days before the voter registration deadline. After a court ordered an additional one-week extension of the statewide deadline to accommodate affected voters, 108,000 additional Floridians were able to register to vote. Miami Herald, *Surge of post-Hurricane Matthew voters breaks                         100,000                          mark*, http://miamiherald.typepad.com/nakedpolitics/2016/10/surge-of-post-hurricane-voters-breaks-100000-mark.html (last visited Oct. 8, 2018).

20.    Voters will face significant hurdles to registration because of the disruption caused by Hurricane Michael. Voters attempting to register online may face internet outages due to the storm. In addition, in the last 24 hours, at least some Florida residents attempting to register to vote or update their voter registration online at RegistertoVoteFlorida.gov experienced error messages that prevented them from completing a voter registration transaction. The error, which was

reported by users of social media[1] and documented on video by a Florida internet developer,[2] appears after the registrant attempts to submit their personal identification information. It is currently unknown how many registrants have been prevented from registering due to the error.

21.    Late on October 8, 2018, the Secretary issued Directive 2018-03 ("Directive"), which authorized any local registration offices that will be closed on October 9 to accept voter registrations on the first day they each resume operations after the threat of Hurricane Michael passes. *See* Florida Department of State Note Regarding Voter Registration and Hurricane Michael, https://www.flgov.com/2018/10/08/florida-department-of-state-note-regarding-voter-registration-and-hurricane-michael/ (Oct. 8, 2018). In the Directive, the Secretary clarifies that the one-day deadline extension only applies to paper voter registration applications; the online registration deadline "will not change and will remain at 11:59 p.m., October 9, 2018." Directive 2018-03,

---

[1] *See, e.g.*, https://mobile.twitter.com/beckster305/status/1049472930101547009;
https://mobile.twitter.com/ChewbaccasMom/status/1049473897933037570;
https://mobile.twitter.com/_saraicruz/status/1049476051884277761;
https://mobile.twitter.com/oneluckybaxter/status/1049466329462394880;
https://mobile.twitter.com/notorious_grace/status/1049436478525198337;
https://mobile.twitter.com/tcw8848/status/1049470351749668864;
https://mobile.twitter.com/AlexTheDood/status/1049459785974906880;

[2] *See* Manifest Interactive, *Florida Voting Website, Busted Again*, *available at* https://vimeo.com/294051342 (October 8, 2018). Earlier this year, the same internet developer in question previously alerted the Secretary of State to an error in the online voter registration system, which led the Secretary of State to make adjustments to the system. *See* Alexandra Glorioso, State fixes voter registration problem with simple updates, *Politico.com*, https://www.politico.com/states/florida/story/2018/07/23/state-fixes-voter-registration-problem-with-simple-updates-522370 (July 23, 2018).

https://www.flgov.com/wp-content/uploads/2018/10/Directive-2018-03.pdf    (last
visited Oct. 8, 2018).

22.    This limited, confusing, and inconsistent solution is not sufficient to
adequately protect the voting rights of Floridians. As a threshold matter, the
"solution" is not equally available to all Floridians: prospective voters who evacuate
may not be able to make it back to their home county in time to hand in a paper
application to their local office on the single extra day of registration the Directive
allows, whereas prospective voters in counties outside the evacuation zone may
have an easier time accessing the registration office. The Directive fails to offer any
solution to voters who may attempt to register by mail: because the Directive does
not extend the deadline by which a voter may postmark an application, voters who
evacuate on Tuesday and are unable to return to their county on the one extra day
of registration that the Directive allows will be unable to register and vote.  Further,
a prospective voter who evacuated likewise cannot register online after October 9,
but a counterpart who stayed in spite of an evacuation order may still register in
person at his or her local office if it is open. Moreover, voters may be affected by
the storm even if their local office remains open on October 9—the Directive makes
no provision for these voters. Similarly, the Directive's limited application to paper
registrations does not acknowledge the impact of potential internet and power
outages that would undermine the availability of online registration for Floridians

across the entire state. A limited, one-day extension applied arbitrarily across Florida is no solution at all.

## CLAIMS FOR RELIEF

### COUNT I
### Undue Burden on the Right to Vote in Violation of the First and Fourteenth Amendments

23.     Plaintiff realleges and incorporates by reference all prior paragraphs of this Complaint and the paragraphs in the counts below as though fully set forth herein.

24.     Under the First Amendment and the Equal Protection Clause of the Fourteenth Amendment, a court considering a challenge to a state election law must carefully balance the character and magnitude of the injury to First and Fourteenth Amendment rights that the plaintiff seeks to vindicate against the justifications put forward by the state for the burdens imposed by the rule. *See Burdick v. Takushi*, 504 U.S. 428, 434 (1992); *Anderson v. Celebrezze*, 460 U.S. 780, 789 (1983).

25.     The court "must weigh 'the character and magnitude of the asserted injury to the rights protected by the First and Fourteenth Amendments that the plaintiff seeks to vindicate' against 'the precise interests put forward by the State as justifications for the burden imposed by its rule,' taking into consideration 'the extent to which those interests make it necessary to burden the plaintiff's rights.'" *Burdick*, 504 U.S. at 434 (quoting *Anderson*, 460 U.S. at 789).

-11-

26.    Unless Plaintiff is granted the relief requested, there is a strong likelihood that the right to vote of thousands of Floridians, including Plaintiff's members and constituents, will be severely burdened (if not eliminated entirely) in the 2018 general election.

27.    Because of Hurricane Michael, many Floridians who would have registered to vote prior to the October 9 registration deadline have been displaced or otherwise prevented from registering, and thus cannot register to vote by the October 9 deadline. Moreover, many offices at which voters could register or where voters could submit registration applications have been closed, preventing Floridians in areas impacted by Hurricane Michael from timely submitting registration materials. The Secretary's Directive provides a limited, one-day extension at an unspecified date that only applies to one method by which Floridians may attempt to register, which cannot adequately compensate for prospective voters who have been affected by the storm. Voters who could have registered online will also be prevented from doing so by internet or power outages, and will have no available options.

28.    The State cannot provide any colorable justification for its refusal to adequately extend the voter registration deadline in light of Hurricane Michael.

29.    That it is possible for Florida to extend the registration deadline for one week cannot be disputed. It did so in 2016 to accommodate devastation caused by Hurricane Matthew. There is no reason it cannot do so again.

**COUNT II**
**Disparate Treatment in Violation of the Equal Protection Clause of the**
**Fourteenth Amendment and 42 U.S.C. § 1983**

30.     Plaintiff realleges and incorporates by reference all prior paragraphs of
this Complaint and the paragraphs in the counts below as though fully set forth
herein.

31.     The Equal Protection Clause of the Fourteenth Amendment of the U.S.
Constitution guarantees qualified voters a substantive right to participate equally
with other qualified voters in the electoral process. Further, the equal right to vote
that is protected by the Equal Protection Clause is protected in more than the initial
allocation of the franchise; equal protection applies to the manner of its exercise as
well. *See Bush v. Gore*, 531 U.S. 98, 104 (2000). Thus, a state may not arbitrarily
impose disparate treatment on similarly situated voters.

32.     As set forth above, the Secretary's Directive treats similarly situated
Floridians differently.

33.     Specifically, voters who register online or who wish to postmark and
mail their registration applications will remain subject to the October 9 deadline
(even though internet services may be affected by the storm), while voters
registering in person will be subject to a confusing array of shifting registration
deadlines. If the prospective voter's local office is open on October 9, she is still
subject to the original October 9 deadline, no matter how the storm impacted her

ability to register. Prospective voters whose offices are closed on October 9 will have a single day, at some unspecified and varying future date, to register to vote. If the voter evacuated and has not returned as of the date of the single-day extension, she is out of luck.

34.     There is no rational basis for treating these similarly situated voters differently. This disparate treatment of Florida residents based solely upon the area in which they live and the manner in which they choose to register is unfair and arbitrary, and the State has not and cannot set forth any valid justification for its disparate treatment of members of the electorate.

35.     Based on the foregoing, the Secretary, acting under color of state law, is depriving Plaintiff and Florida voters of equal protection under the law secured to them by the Fourteenth Amendment to the United States Constitution and protected by 42 U.S.C. § 1983.

## COUNT III
## DECLARATORY AND INJUNCTIVE RELIEF
## 28 U.S.C. §§ 2201 and 2202, Fed. R. Civ. P. 57 and 65

36.     Plaintiff realleges and incorporates by reference all prior paragraphs of this Complaint and the paragraphs in the counts below as though fully set forth herein.

37.    This case presents an actual controversy because the Secretary's present and ongoing refusal to allow Floridians an opportunity to register to vote in the general election subjects Plaintiff and its members and constituents to serious and immediate harms, warranting the issuance of a declaratory judgment.

38.    Plaintiff seeks preliminary and/or permanent injunctive relief to protect its statutory and constitutional rights and avoid the injuries described above. A favorable decision enjoining the Secretary from enforcing the October 9 voter registration deadline would redress and prevent the irreparable injuries to Plaintiff and its members and constituents identified herein, for which Plaintiff has no adequate remedy at law or in equity.

39.    The Secretary will incur little to no burden in if the relief sought here is granted. Any minor administrative burden imposed on the Secretary pales in comparison to the fundamental constitutional injury of denial of the right to vote that Plaintiff and its members and constituents will suffer in the absence of the relief requested.

40.    The public interest weighs strongly in favor of extending the October 9 voter registration deadline for one week to permit every lawful, eligible citizen who wishes to vote to vote in the upcoming general election. The balance of hardships thus tips strongly in favor of Plaintiff.

41.     Concurrently with this Complaint, Plaintiff has filed an emergency motion for temporary restraining order in accord with Local Rule 7.1(L).

WHEREFORE, Plaintiff respectfully requests that this Court enter judgment:

A.     Ordering the Secretary to extend Florida's voter registration deadline by at least one week (from October 9, 2018 up to and including October 16, 2018).

B.     Preliminarily and permanently enjoining the Secretary from enforcing the current October 9 voter registration deadline.

C.     Awarding Plaintiff its costs, expenses, and reasonable attorneys' fees pursuant to, *inter alia*, 42 U.S.C. § 1988 and other applicable laws; and

D.     Granting such other relief as the Court deems just and proper.

Dated: October 9, 2018                    Respectfully submitted,


                                          */s/ Mark Herron*
                                          Mark Herron
                                          Fla. Bar. No. 199737
                                          mherron@lawfla.com
                                          **MESSER CAPARELLO**
                                          2618 Centennial Place
                                          Tallahassee, FL 32308
                                          Telephone:  (850) 222-0720
                                          Facsimile:  (850) 558-0659

                                          and

                                          Marc E. Elias
                                          D.C. Bar No. 44207
                                          (*Pro Hac Vice*)
                                          MElias@perkinscoie.com
                                          **PERKINS COIE LLP**
                                          700 Thirteenth Street, N.W., Suite 600
                                          Washington, D.C. 20005-3960
                                          Telephone: (202) 654-6200
                                          Facsimile: (202) 654-6211

                                          *Counsel for Plaintiff*