IN THE UNITED STATES DISTRICT COURT FOR THE
NORTHERN DISTRICT OF FLORIDA
TALLAHASSEE DIVISION


FLORIDA DEMOCRATIC PARTY,

    Plaintiff,

v.                                        CASE NO. 4:18cv463-RH-CAS

KEN DETZNER, Secretary of State,

    Defendant.

_____/


## ORDER CONDITIONALLY DENYING
## A TEMPORARY RESTRAINING ORDER


Under Florida Statutes § 97.055, the deadline to register to vote in the November 6, 2018 election is October 9, 2018. At that date, Hurricane Michael was approaching the Florida gulf coast. A mandatory evacuation was underway in some locations. The Florida Secretary of State issued a directive to all Florida supervisors of elections setting out terms on which they are "authorized" to extend the deadline.

The Florida Democratic Party filed this action against the Secretary asserting that the directive does not go far enough. The Party has moved for a temporary restraining order.

The directive authorizes an extension only for residents of counties in which the office of the supervisor of elections was closed on October 9. The extension is available for "paper voter registration applications"—that is, paper registrations delivered to a supervisor's office other than by mail. The extension does not affect registration by mail—a mailed registration still must be received by October 9 or bear a clear postmark of October 9 or earlier. And the extension is not available for registration online—the deadline for online registration has passed.

The Party has asked for a statewide extension of one week for all forms of registration. But there is no justification for this. Some parts of the state were affected little by the hurricane. Extending the deadline in those parts of the state would not level the playing field or provide a remedy for the hurricane's effects. Large numbers of voters register shortly before the deadline, but that happens routinely, with or without a hurricane. A state could set a later deadline or no deadline at all, but that is not the course Florida has chosen. The Party does not challenge in this lawsuit the state's decision to set a deadline 29 days before an election.

As a prerequisite to a temporary restraining order or preliminary injunction, a plaintiff must establish a substantial likelihood of success on the merits, that the plaintiff will suffer irreparable injury if the injunction does not issue, that the threatened injury outweighs whatever damage the proposed injunction may cause a defendant, and that the injunction will not be adverse to the public interest. *See, e.g.*, *Charles H. Wesley Educ. Found., Inc. v. Cox*, 408 F.3d 1349, 1354 (11th Cir. 2005); *Siegel v. LePore*, 234 F.3d 1163, 1176 (11th Cir. 2000) (en banc).

The Party has not met these requirements so long as the directive is properly understood in three respects.

First, properly understood, the directive is mandatory. Although the directive says it "authorizes" a supervisor of elections to extend the deadline, the Secretary is the state official with authority to mandate the extension. There is no reason to believe at this time that any supervisor will fail to follow the directive.

Second, properly understood, the directive applies to any county in which any supervisor's office that would ordinarily be open was instead closed for any part of the normal operating hours of October 9. A county that had one or more offices open but one or more other offices closed must provide the extension. And for this purpose, an office counts as closed if it was open for part of the day but closed for part.

Third, properly understood, the directive extends the deadline to the first *full* business day on which all a supervisor's offices were open. Opening only some offices or opening for part of a day, or opening for limited hours on a weekend or holiday on which the office would not ordinarily be open, does not count.

Nothing in the directive suggests the Secretary intended anything contrary to these understandings. If the Secretary asserts these understandings are not correct, or if a supervisor fails to heed the Secretary's directive as properly understood, the Party of course may renew its motion for a temporary restraining order.

SO ORDERED on October 10, 2018.

s/Robert L. Hinkle<br>United States District Judge